09-4236-ag
Cong v. Holder

BIA
A078 710 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> *Circuit Judges.*

_____

MIN ZHI CONG, ALSO KNOWN AS MINZHI CONG,
> *Petitioner,*

v.                                            09-4236-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Min Zhi Cong, *Pro Se*, San Gabriel, California.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Zhi Cong, a native and citizen of the People's Republic of China, seeks review of the September 21, 2009, decision of the BIA denying her motion to reopen. *In re Min Zhi Cong*, No. A078 710 631 (B.I.A. Sept. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates country conditions evidence submitted with a motion to reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An applicant may file one motion to reopen within ninety days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). As there is no dispute that Cong's motion was filed after ninety days, and was her fourth motion to reopen or reconsider filed with the agency, the BIA did not abuse its discretion by finding her motion both untimely and number-barred. *Id*. However, the time and numerical

2

limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  Here, the BIA did not abuse its discretion in finding that Cong failed to establish changed country conditions based on her membership in the Chinese New Democracy Party ("CNDP").

The BIA properly found that Cong's recent involvement with the CNDP was a change in personal circumstances.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).  Moreover, although Cong argues that the BIA abused its discretion by failing to properly consider the evidence of changed country conditions in the record, a review of the record reveals that the BIA reasonably considered Cong's evidence and found that Cong failed to establish any change since the date of her last hearing in 2001.  *See Wei Guang Wang*, 437 F.3d at 273-74 ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings.").

3

The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings." *Id*. at 275 (internal quotation marks omitted). As Cong submitted evidence addressing only recent incidents involving political dissidents without showing whether their treatment has changed, the record does not show changed conditions in China. Accordingly, the BIA did not abuse its discretion in denying Cong's motion to reopen as untimely and number-barred. *See id*. at 273-74.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4